# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BAYER-ONYX, a partnership, by** ) | |
| **BAYER CORP., its tax matter partner,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **CIVIL ACTION NO. _____** |
| ) | |
| **vs.** ) | |
| ) | |
| **THE UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER SECTION 6226 OF THE INTERNAL REVENUE CODE

Plaintiff, Bayer-Onyx, a partnership by Bayer Corp. its tax matter partner ("Bayer"), through its undersigned attorneys, sets forth the following as its Complaint against the United States.

### Nature of Action and Basis of Jurisdiction

1.      This is an action for readjustment of partnership items under §6226(a)(2) of the Internal Revenue Code of 1986, 26 U.S.C. §§ 6226, and under 28 U.S.C. §1346(e), which grants the Court original jurisdiction to adjudicate this claim.

2.      Plaintiff, through its tax matters partner, contests the adjustments made by the Internal Revenue Service in three Notices of Final Partnership Administrative Adjustment, all dated March 4, 2008, to qualified research expenses claimed by Plaintiff in calendar years 1994, 1995, and 1996.  Copies of the Notices of Final Partnership Administrative Adjustment for 1994, 1995, and 1996 are attached to this complaint as Exhibits A, B, and C respectively.

## **Plaintiff**

3.      Plaintiff is a general partnership whose principal place of business is Pittsburgh, Pennsylvania.  Plaintiff's taxpayer identification number is 25-1741825.

4.      Plaintiff's "tax matters partner," as defined in §6231(a)(7) of the Code, is Bayer Corp., a corporation organized under the laws of Indiana.  Bayer Corp.'s taxpayer identification number is 25-1339219.  The mailing address of Plaintiff and Bayer Corp. is 100 Bayer Road, Pittsburgh, PA  15205-9741.

5.      Plaintiff was formed on February 1, 1994 under the name "Miles-Onyx."  It commenced business on April 22, 1994.  Its two partners were Miles, Inc., an Indiana corporation, and Onyx Pharmaceuticals, a California corporation.

6.      On April 1, 1995, the name of Miles, Inc. was changed to "Bayer Corp.," and Plaintiff's name was changed to "Bayer-Onyx."

7.      Since its inception, Plaintiff's business has been conducting research for the discovery, development, and improvement of pharmaceutical drugs for the benefit of its two partners, both of which are pharmaceutical companies.  The principal focus of Plaintiff's research was the development of new drugs to prevent, diagnose and treat cancer.

8.      During the years at issue, Plaintiff filed its U.S. Partnership Return of Income (Form 1065) on a calendar year basis with the Internal Revenue Service Center in Philadelphia, Pennsylvania.

9.      Plaintiff filed its 1994 return on September 8, 1995; its 1995 tax return on July 10, 1996, and an amended return on September 10, 1996; and its 1996 tax return on June 11, 1997.  Because these returns were information returns, Plaintiff paid no income tax when they were filed.

10.   During the years at issue, Plaintiff incurred "qualified research expenses," as defined in §41(b) of the Internal Revenue Code ("QRE"), in connection with its pharmaceutical research business.

11.   Following an examination of Plaintiff's tax returns, the Internal Revenue Service, an agency of Defendant, disallowed $247,943 of QRE claimed by Plaintiff in 1994, $171,873 of QRE claimed in 1995, and $131,273 of QRE claimed in 1996.

### Assignments of Error

12.   Defendant erred in disallowing $178,271 of the QRE claimed by Plaintiff in 1994, $115,427 of the QRE claimed by Plaintiff in 1995, and $63,593 of the QRE claimed by Plaintiff in 1996.  The specific categories of QRE erroneously disallowed by Defendant are as follows:

|  | 1994 | 1995 | 1996 |
|---|---|---|---|
| Relocation costs | 59,164 | 19,439 | 12,897 |
| Repairs and maintenance | 24,894 | 82,944 | 34,802 |
| Small tools | 48,336 | | |
| Patent costs | 45,877 | 13,044 | 15,894 |
| TOTAL | $178,271 | $115,427 | $63,593 |

13.   Plaintiff concedes that Defendant was correct in disallowing $69,672 of the total QRE claimed in 1994, $56,446 of the total QRE claimed in 1995, and $67,590 of the total QRE claimed in 1996.

### Deposit of Tax

14.   Bayer has not deposited any amount with Defendant in accordance with §6226(e) of the Code because even if all of Defendant's QRE adjustments were sustained, Bayer would

not have any additional tax liability for any of the years at issue; rather, Bayer's overpayments in each of those years would be reduced.

WHEREFORE, Plaintiff prays that this Court reject all of Defendant's adjustments to Plaintiff's QRE as set forth in the Assignments of Error above and determine that Plaintiff is entitled to all such QRE claimed.

Respectfully submitted,

/s/John M. McIntyre

John M. McIntyre
PA I.D. No. 78739
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219
Tel.: (412) 288-3822
Fax:  (412) 288-3063
E-mail: jmcintyre@reedsmith.com

Jeffrey E. Moeller
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
Sixth floor
Washington, D.C.  20006
Tel.: (202) 393-7600
Fax: (202) 393-7601
E-mail: jmoeller@ipbtax.com

Attorneys for Plaintiff

Date: May 20, 2008