**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BAYER-ONYX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-cv-0693 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**Fed. R. Civ. P.  26(f) REPORT OF THE PARTIES**

 Bayer-Onyx and the United States of America, through their respective counsel, submit the following report, as required by Fed. R. Civ. P. 26(f),

1. Identification of counsel and unrepresented parties:  Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

 *Counsel for Plaintiff*
 CLIFTON B. CATES
 Ivins, Phillips & Barker Chartered
 1700 Pennsylvania Ave., N.W.
 6th Floor
 Washington, D.C. 20006
 202-393-7600
 Fax: 202-393-7601
 Email: ccates@ipbtax.com

 JEFFREY E. MOELLER
 Ivins, Phillips & Barker Chartered
 1700 Pennsylvania Ave., N.W.
 6th floor
 Washington, D.C.  20006
 202-393-7600
 Fax: 202-393-7601
 Email: jmoeller@ipbtax.com

 JOHN M. MCINTYRE
 Reed Smith LLP
 435 Sixth Avenue
 Pittsburgh, PA 15219-1886
 (412) 288-3822
 Email: jmcintyre@reedsmith.com

*Counsel for Defendant*
YONATAN GELBLUM
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 305-3136
Facsimile: (202) 514-6866
E-mail: yonatan.gelblum@usdoj.gov

JOHN J. LOCURTO
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-2793
Facsimile: (202) 514-6866
E-mail: john.j.locurto@usdoj.gov

JENNIFER R. ANDRADE
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7354
Fax: 412-644-6995
Email: jennifer.andrade@usdoj.gov

**2.** **General nature of the case:**

This suit seeks adjustment of certain partnership items disallowed by the Internal Revenue Service, pursuant to 26 U.S.C. § 6226.

**3.** **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) conference was held in a series of telephone conferences between Plaintiff's and Defendant's counsel occurring on August 6, 7, 18, 22, and 25, 2008.

**4.** **Date of Rule 16 Initial Scheduling Conference:**

August 28, 2008.

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

    The parties currently do not anticipate filing a dispositive motion under Fed. R. Civ. P. 12.

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

    The parties respectfully suggest that alternative dispute resolution be deferred while the case is stayed, should the Court grant the parties' joint motion for a stay, which is being filed concurrently herewith. The parties believe that alternative dispute resolution should be scheduled approximately six months after the start of fact discovery to allow the Defendant a fair opportunity to review the evidence. At that time, the parties wish to employ private mediation as the mechanism for alternative dispute resolution, and they have chosen Terry Milne, a retired IRS Appeals officer who appears to have extensive experience in mediation in general and the research credit in particular.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    The parties are filing a joint motion to stay the case for three months, and respectfully suggest that initial disclosures be deferred while the case is stayed.

    As explained in greater detail in the joint motion, the instant case is only a small part of a much larger related tax refund suit which Bayer anticipates filing in the near future once the Internal Revenue Service acts on Bayer's refund claims. The Plaintiff asserts that both suits involve the same or similar issues of fact and law. However, the instant case involves only approximately $357,000 of "qualified research expenses" over a 3-year period, 1994-1996, while the forthcoming refund suit involves approximately $90 million in research credits over a 20-year period, 1987-2006, and a resulting refund claim of approximately $49 million, excluding interest. Plaintiff asserts that the research expenses determined in the instant suit will affect the research credit to which Plaintiff is entitled in the forthcoming refund suit. The stay will permit the United States to seek waivers concerning disclosure and other information from the Plaintiff in order to assess whether it will oppose a motion that the Plaintiff anticipates filing seeking a further stay and consolidation of the two actions.

8.  **Subjects on which fact discovery may be needed.**

    United States' Position
    The United States will require fact discovery on the nature of the research expenses at issue in this lawsuit. As noted in the Court's form 26(f) report, "[b]y executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein)." Furthermore, in suits by taxpayers challenging determinations by the Commissioner, review by the trial court to determine the total tax liability is plenary, and is not a review of the administrative record, and the United States is thus entitled to raise new issues not previously raised by the Commissioner. See, e.g., Lewis v. Reynolds, 284 U.S. 281, 283 (1932); R.E. Dietz Corp. v. United States, 939 F.2d 1, 4 (2d Cir. 1991); Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir. 1987); D'Avanzo v. United States, 54 Fed. Cl. 183, 186 (Fed. Cl. 2002); Klamath Strategic Inv. Fund, LLC v. United States, 440 F. Supp. 2d 608, 610 (E.D. Tex. 2006) ("Actions under section 6226 are similar to suits for refund where the court makes a de novo determination of the facts and law as they relate to the taxpayers' activities."). Accordingly, the United States reserves its right to assert – and pursue discovery with regard to – any issue relevant to the final determination of tax owed.

    Plaintiff's Position
    The Plaintiff does not object to discovery regarding the amount or nature of the research expenses at issue, but believes that reasonable limits should be placed on such discovery, including a 6-month period for conducting discovery. As set forth in paragraph 14 of the amended complaint, only 4 categories of qualified research expenses are in dispute, and those categories were accepted and used by the Internal Revenue Service in issuing the Notices of Final Partnership Administrative Adjustment, which began this case.[1] Furthermore, in all 3 of those categories (repairs and maintenance, small tools, and patent costs), the Internal Revenue Service accepted the amounts claimed by Plaintiff. Plaintiff believes that it is premature at this point to seek to define the scope of discovery with any precision, but if Defendant eventually seeks discovery regarding facts and issues irrelevant to this case, Plaintiff will apply to this Court to impose reasonable limits on the scope of discovery.

9.  **Set forth suggested dates for the following:**

    Based on the assumption that the Court will grant the Parties' joint motion to stay the case, the Parties suggest the following deadlines:

    a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

        One month after the case is no longer stayed.

    b.  **Date by which any additional parties shall be joined:**

---

[1] Copies of the FPAA's were attached as exhibits to the Amended Complaint.

        Three months after the case is no longer stayed.

**c.**     **Date by which the pleadings shall be amended:**

        One month after the case is no longer stayed.

**d.**     **Date by which fact discovery should be completed:**

    <u>Plaintiff's Position</u>
    The Plaintiff suggests an initial period of six months after the case is no longer stayed. Plaintiff asserts that the documents supporting its case are not "voluminous."

    <u>United States' Position</u>
    The United States requests that fact discovery be concluded 12 months after discovery is no longer stayed, due to the voluminous records that appear to be involved in this case.

**e.**     **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    The parties do not suggest that discovery be conducted in phases.

**f.**     **Date by which Plaintiff's expert reports should be filed:**

    To be determined.

**g.**     **Date by which depositions of Plaintiff's expert(s) should be completed:**

    To be determined.

**h.**     **Date by which Defendants' expert reports shall be filed:**

    To be determined.

**i.**     **Date by which depositions of Defendants' expert(s) should be completed:**

    To be determined.

**j.**     **Date by which third party expert's reports should be filed:**

    To be determined.

**k.**     **Date by which depositions of third party's expert(s) should be completed:**

    To be determined.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    Other than their motion for a three-month stay of the case and Defendant's seeking a longer period for fact discovery than Plaintiff believes to be necessary, the parties do not suggest any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    Plaintiff's Position
    If Defendant seeks wide-ranging discovery of electronically-stored documents such as e-mail, Plaintiff will likely seek relief from the Court, because such evidence is irrelevant to the issues in the case and complying with such discovery requests is likely to be burdensome, expensive, and disruptive to Plaintiff's business. As explained in paragraph 8 above, this case addresses only whether 4 categories of expenses incurred by Plaintiff constituted qualified research expenses. The only relevant issues are (1) whether the expenses were incurred, (2) the amount thereof, and (3) whether they constitute qualified research expenses as a matter of law. Plaintiff will interpose no objection to Defendant's discovery of electronically-stored accounting records.

    United States' Position
    The United States opposes any ex-ante restrictions on electronic discovery. Restrictions on electronic discovery, if any, should be granted in the context of motions relating to specific requests that are shown to be unduly burdensome or otherwise unreasonable. As previously noted, in suits by taxpayers challenging determinations by the Commissioner, review by the trial court to determine the total tax liability is plenary, and the United States is thus entitled to raise new issues not previously raised by the Commissioner or in the complaint. Accordingly, the United States reserves its right to assert – and pursue discovery with regard to – any issue relevant to the final determination of tax owed.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

    The parties suggest that the Post-Discovery Status Conference be scheduled after the completion of fact discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    As requested in the joint motion for stay filed concurrently herewith, the parties respectfully suggest that the Court file an order staying this case for three months in order to permit the Internal Revenue Service to act on Bayer's pending refund claims. Plaintiff anticipates that the IRS will disallow all such claims.[2] After the end of the 3-month period, the parties may seek an additional stay in order to permit consolidation of this case with the much larger refund case.

    In addition, the Plaintiff anticipates asking the United States to consent to the filing of an agreed upon confidentiality order.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such mater and any special qualifications that such master may require to perform such role:**

    The parties do not expect appointment of a special master to be necessary.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    The parties disagree as to the time for completing fact discovery, as described in paragraph 9(d) above, and the scope of discovery, as described in paragraphs 11 and 14 above.

---

[2] The Internal Revenue Service has already formally disallowed the research credits for 1990-1997 which constitute the basis of Bayer's refund claims for those years. The Internal Revenue Service has audited and informally disallowed Bayer's claimed research credits for the years 1998-2001. Research credits for the years 2002-2006 are based on the same activities and expenses as the disallowed research credits claimed in 1990-2001. Research credits and refund claims for the years 1987-1989 are simply the result of carrybacks from 1990.

**16.**	**Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties believe that settlement of the case is not likely prior to an opportunity to exchange fact discovery.

/s/  Clifton B. Cates
CLIFTON B. CATES
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
6th Floor
Washington, DC 20006
202-393-7600
Fax: 202-393-7601
Email: ccates@ipbtax.com
*Counsel for Plaintiff*

 s/ Yonatan Gelblum
YONATAN GELBLUM
Bar No. CA254297
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 305-3136
Facsimile: (202) 514-6866
E-mail: yonatan.gelblum@usdoj.gov
*Counsel for Defendant*

3529351.1