IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAYER CORPORATION AND SUBSIDIARIES,<br><br>　　Plaintiff and<br>　　Counterclaim Defendant,<br><br>　　vs.<br><br>THE UNITED STATES,<br><br>　　Defendant and<br>　　Counterclaim Plaintiff. | CIVIL ACTION NO. 09-351 |
| BAYER-ONYX, a partnership, by BAYER HEALTHCARE LLC, its tax matter partner,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>THE UNITED STATES,<br><br>　　Defendant. | CIVIL ACTION NO. 08-693 |

## MOTION FOR ENTRY OF A PROTECTIVE ORDER

1.　This litigation pertains to Bayer's entitlement to tax credits for qualified research expenses under the Internal Revenue Code. In order to establish its entitlement to these tax credits, Bayer will be required to produce extensive evidence of its research activities.

2.　As a research based company, Bayer's survival depends on its ability to continually research and develop innovative products and solutions.

3.   The results obtained from the billions of dollars spent on its research activities are Bayer's "crown jewels."

4.   To the extent that any of these crown jewels are made public, Bayer will lose the competitive benefit that its research spending was intended to, and does, provide. Therefore, Bayer seeks a protective order from this Court to protect this information.

5.   On March 15, 2010, The United States ("Defendant") served Bayer with the Defendant's First Request for Production of Documents and Interrogatories. On April 5, 2010, the Defendant served Bayer with the Defendant's Second Request for Production of Documents and Interrogatories.

6.   The Defendant's discovery requests seek the production of material that includes, *inter alia*, Bayer's confidential and proprietary information, trade secrets, commercial information, strategic planning information, commercial planning information, and commercial pricing information relating to the sale, distribution and/or marketing of certain products ("Bayer's Confidential Information"). In addition, many of the Defendant's requests call for the disclosure of personal financial information, such as Social Security Numbers, for many of Bayer's employees and certain third parties ("Personal Financial Information").

7.   In an effort to reach agreement regarding the protections that would apply to Bayer's Confidential Information and Personal Financial Information, Bayer submitted a proposed protective order to the Defendant designed to apply throughout the course of the this litigation.

8.   Since then, counsel for the parties have engaged in multiple negotiations in an attempt to agree on the terms of a protective order. Although the parties reached agreement on most of the terms, they came to an impasse with respect to certain other provisions. Specifically, the Defendant has proposed language that would allow it to share Bayer's Confidential Information

and Personal Financial Information with other government agencies, without prior notice to Bayer and without any clear guidelines.

9. In response, Bayer proposed language that would clarify under what circumstances the Defendant could share confidential information and require notice before disclosure.

10. Bayer seeks the entry of the Proposed Protective Order to prevent the widespread dissemination of Bayer's Confidential Information and Personal Financial Information absent adequate safeguards.

11. Bayer recognizes that in certain instances, the Defendant may wish to, or be compelled to disclose Bayer's Confidential Information and Personal Financial Information to other government agencies. However, Bayer believes that those circumstances need to be identified to this Court to prevent the inadvertent or improper dissemination of Bayer's Confidential Information and Personal Financial Information.

12. Bayer's Proposed Protective Order strikes an appropriate balance between protecting Bayer's most confidential and valuable records and the meeting the government's understandable need to share information with other government agencies in appropriate circumstances. For example, Paragraph 20 of the Proposed Protective Order states:

> **To the extent that the United States reasonably believes that any of Bayer's Confidential Information indicates a risk to public health or contains evidence of a potential crime, the United States may use or disclose such information to other government agencies or Departments without restriction.**
>
> **In any other circumstance in which the United States believes that it is required by law or Department of Justice regulation to use or disclose Confidential Information in any manner not otherwise provided for in this Stipulated Protective Order (including disclosure to any employees of the United States other than those employed by the Department of Justice or the Internal Revenue Service), it shall notify Bayer at least ten (10)**

**days before making any such disclosure to allow Bayer to seek appropriate safeguards.**

13. Absent the entry of an appropriate Protective Order, the disclosure of Bayer's Confidential Information and Personal Financial Information could also interfere with the privacy rights and commercial interests of Bayer employees and third parties.

14. In order to allow this Court and the Defendant to better understand the points on which the parties agree and disagree, Bayer has attached hereto as Exhibit "A" a red-line comparison of the Defendant's latest proposed protective order and the Proposed Protective Order being submitted today by Bayer in conjunction with this Motion.

15. For these reasons and for those more fully set forth in Bayer's Memorandum In Support, and pursuant to Rules 26(c) and 26(d) of the Federal Rules of Civil Procedure, there is good cause for this Court to approve the Proposed Protective Order.

Respectfully Submitted,

*Counsel for Plaintiff*

/s/ John M. McIntyre
John M. McIntyre
PA I.D. No. 78739
Reed Smith LLP
Alexandria C. Samuel
PA I.D. No 207087
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3822
Facsimile: (412) 288-3063
jmcintyre@reedmith.com
asamuel@reedsmith.com

Clifton B. Cates
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
6th Floor
Washington, D.C. 20006
Telephone: (202) 393-7600
Facsimile: (202) 393-7601
ccates@ipbtax.com

Jeffrey B. Moeller
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
6th Floor
Washington, D.C. 20006
Telephone: (202) 393-7600
Facsimile: (202) 393-7601
jmoeller@ipbtax.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served through the Court's electronic transmission facilities this 25th day of May 2010 upon the following counsel of record:

Jan M. Geht
John J. LoCurto
Yonatan Gelblum
Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

Jennifer R. Andrade
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

/s/ John M. McIntyre
Counsel for Plaintiffs